# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

WALTER ANDREW
KAUFMAN, JR.,

        Plaintiff,        CASE NO. 19-12904
                              HON. DENISE PAGE HOOD

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [#14] TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#12] AND TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#10]

### I.    INTRODUCTION

This matter is before the Court on a Report and Recommendation [ECF No. 14] filed by Honorable Magistrate Judge Patricia T. Morris to grant the Motion for Summary Judgment filed by Defendant Commissioner of Social Security ("Commissioner") [ECF No. 12] and to deny Plaintiff Walter Kaufman, Jr.'s ("Kaufman") Motion for Summary Judgment [ECF No. 10] filed on February 7, 2020. Kaufman has timely filed two objections to the Report and Recommendation.

1

[ECF No. 15] The Commissioner filed his Reply to the Objections on September 23, 2020. [ECF No. 16]

On June 19, 2018, the Social Security Administration denied Kaufman's application for social security benefits. [ECF No. 8-4, Pg.ID 126] The Administrative Law Judge ("ALJ") found that Kaufman had the following impairment: degenerative disc disease. [ECF No. 8-2, Pg.ID 66] Despite that finding, the ALJ concluded that Kaufman's condition was "non-severe" and that he did not meet the definition of "disabled" under 42 U.S.C. § 423(d)(1)(A). [*Id.* at 67]

The ALJ primarily based his decision on the fact that "no treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment." [*Id.*] The ALJ also found that no medical findings established that Kaufman's condition met the criteria prescribed in the Listing of Impairments. [*Id.*] The ALJ specifically focused on Listings 1.02 and 1.04 and determined that Kaufman "has not lost the ability to effectively ambulate or perform fine and gross movements" to meet Listing 1.02. [*Id.*] And the ALJ found there was no evidence of "neuro-anatomic distribution of pain, limitation of movement in the lower back, motor loss accompanied by sensory or reflex loss, or any other symptoms meeting the criteria of Listing 1.04. [*Id.*] Although the ALJ found that Kaufman could no longer perform his past work as a mechanical engineer technician, he determined that, given his age, education, work experience, and

residual functional capacity[1] ("RFC"), that there are a significant number of jobs in the national economy that Kaufman could perform. [*Id.* at 70]

Contesting the ALJ's analysis, Kaufman primarily argues: (1) the ALJ's application of Listing 1.04 to Kaufman's case is incorrect; and (2) Kaufman alleges that the RCF determination is unsupported by substantial evidence because it is not grounded in medical evidence. [ECF No. 10, Pg.ID 733] However, Magistrate Judge Morris explained that the ALJ both relied on the appropriate evidence and had substantial evidence to support his ALJ's reasoning.

Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which valid objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court **ACCEPTS** and **ADOPTS** the Report and Recommendation, **GRANTS** the Commissioner's Motion for Summary Judgment, and **DENIES** Kaufman's Motion for Summary Judgment.

The background procedure and facts of this matter are adequately set forth in the Magistrate Judge's Report and Recommendation, and the Court adopts them here.

## II. ANALYSIS

### A. Standard of Review

---

[1] Kaufman's "residual functional capacity" is an assessment of the most the claimant can do in a work setting despite his or her physical or mental limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a); *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002).

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* In order to preserve the right to appeal the magistrate judge's recommendation, a party must file objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

**B. Kaufman's Objections**

*1. First Objection*

Kaufman first objects to the Magistrate Judge's alleged failure to find that the ALJ should have sought the guidance of a medical "professional opinion" instead of determining Kaufman's RFC with the current record. Citing *Christephore v. Comm'r of Soc. Sec.*, Kaufman argues that it was not the Magistrate Judge's "job to conduct a *de novo* review of the evidence or to rubber stamp the ALJ's decision." No. 11-13547, 2012 WL 2274328, at *7 (E.D. Mich. June 18, 2012). Rather,

Kaufman asserts that the Magistrate Judge failed to "ensure both that the ALJ applied the correct legal standard and that his decision [was] supported by substantial evidence." *Id.* Here, Kaufman alleges that the ALJ ran afoul of *Christephore* because the ALJ had no medical guidance when he developed the RFC or discussed specific functional limitations. [ECF No. 15, Pg.ID 833]

Kaufman further contests Magistrate Judge Morris' use of *Gross v. Comm'r of Soc. Sec.*, 247 F.Supp.3d 824, 829 (E.D. Mich. 2017). Magistrate Judge Morris cited *Gross* to illustrate that there is no "bright line rule requiring the ALJ to base his or her RFC finding on a physician's opinion." [ECF No. 14, Pg.ID 826] Although Magistrate Judge Morris cited *Gross* to support the Commissioner's findings, Kaufman argues that *Gross* actually supports his arguments. Kaufman asserts that here, just as in *Gross*, "it is unclear on what the ALJ based [the] ultimate RFC conclusion." *Gross*, 247 F. Supp. 3d at 830. Kaufman further asserts that the ALJ drew "no accurate and logical bridge to instruct the Court of [his] reasoning." *Id.* Kaufman alleges that a review of the medical evidence establishes that there was no explanation for how the ALJ found a "significantly reduced range of sedentary work" rather than a complete disability. [ECF No. 15, Pg.ID 833]

Kaufman argues that the instant case does not qualify as one of the "limited occasions" where the medical record "is so clear, and so undisputed," that would have supported the ALJ's findings without the assistance of a medical source. *Wyatt*

5

*v. Comm'r of Soc. Sec.*, No. 12-11406, 2013 WL 4483074, at *17 (E.D. Mich. Aug. 19, 2013) (citing *Mitsoff v. Comm'r of Soc. Sec.*, 940 F. Supp. 2d 693, 703 (S.D. Ohio 2013)). Kaufman directs the Court to his opening brief, which he asserts includes "significant physical findings." ECF No. 15, Pg.ID 834]

As Kaufman indicates, "ALJ's must not succumb to the temptation to play doctor and make their own independent medical findings." *Simpson v. Comm'r of Soc. Sec.*, 344 Fed. App'x. 181, 194 (6th Cir. 2009). Here, the Court finds that Magistrate Judge Morris correctly found that the ALJ's RFC determination rested on proper evidence. The Court is persuaded by the Commissioner's extensive caselaw, which establishes that the Sixth Circuit, and various district courts, have repeatedly found that an ALJ need not base their RFC determination on a medical opinion. *See, e.g.*, *Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 401 (6th Cir. 2018) ("We have previously rejected the argument that a residual functional capacity determination cannot be supported by substantial evidence unless a physician offers an opinion consistent with that of the ALJ.") (citing *Shepard v. Comm'r of Soc. Sec.*, 705 Fed.Appx. 435, 442–43 (6th Cir. 2017)); *see also Davis v. Comm'r of Soc. Sec.*, No. 18-10228, 2019 WL 2051899, at *6 (E.D. Mich. Feb. 19, 2019). Magistrate Judge Morris appropriately found that "the determination of a claimant's RFC is a matter for the ALJ alone—not a treating or examining doctor—

6

to decide." *Turk v. Comm'r of Soc. Sec.*, 647 F. App'x 638, 640 (6th Cir. 2016) (quoting *Thomas v. Colvin*, 745 F.3d 802, 808 (7th Cir. 2014)).

The Court also rejects Kaufman's argument that the ALJ had "no guidance" in making his determination because the ALJ noted several medical opinions, which guided his decision-making process. *Sadler v. Comm'r of Soc. Sec.*, No. 18-11689, 2019 WL 4892419, at *9 (E.D. Mich. Aug. 16, 2019) ("[E]ven though he discounted Dr. Somand's opinion, both Dr. Kuiper's and Dr. Somand's opinions were still a buoy that kept the ALJ from being totally lost at sea in determining Sadler's functional capacity.") (internal quotation marks omitted), *rep. & rec. adopted*, 2019 WL 4627035 (E.D. Mich. Sept. 24, 2019). Accordingly, the Court rejects Kaufman's first objection.

*2. Second Objection*

Kaufman also contests the Magistrate Judge's finding that the ALJ's Listing 1.04(A) analysis was guided by substantial evidence. Kaufman argues that the ALJ's Listing 1.04(A) determination is flawed because he did not evaluate the listing in relation to Kaufman's cervical impairment. [ECF No. 15, Pg.ID 837] Kaufman specifically asserts that the ALJ only evaluated the listing as applied to the lumbar spine and ignored Kaufman's cervical spine condition. [*Id.*] Kaufman also takes issue with the Magistrate Judge's reliance on an out-of-circuit and out-of-district case, *Schoolfield v. Barnhart*, 22 F. Supp. 2d 512 (D. Md. 2002), to determine that

7

"the ALJ properly evaluated the medical records at step three based on an equivalent discussion of the evidence in the determination of Plaintiff's residual functional capacity." [ECF No. 14, Pg.ID 836-37]

The Commissioner argues that the Magistrate Judge's use of *Schoolfield* was harmless. The Commissioner cites the intradistrict case, *Gower v. Comm'r of Soc. Sec.*, to argue that *Gower's* reasoning is similar to *Schoolfield's*. No. 13- 14511, 2015 WL 163830, at *9 (E.D. Mich. Jan. 13, 2015) After reviewing both *Schoolfield* and *Gower*, the Court agrees.

Kaufman argues that his case should be remanded for a calculation of benefits because he meets the listing criteria. Alternatively, Kaufman asserts that the case should be remanded for a proper evaluation of the listing in relation to his cervical spine condition. Kaufman contends that such a remand is necessary because the ALJ did not properly evaluate the listing, and that error was harmful. *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 416 (6th Cir. 2011) ("In short, the ALJ needed to actually evaluate the evidence, compare it to [] the Listing, and give an explained conclusion, in order to facilitate meaningful judicial review. Without it, it is impossible to say that the ALJ's decision at Step Three was supported by substantial evidence.").

In response, the Commissioner argues that Kaufman's arguments are legally incorrect. The Commissioner asserts that that just because a discussion is brief, does

necessarily make it incorrect or incomplete. Citing *Gower* the Commissioner contends that "since the ALJ's opinion as a whole demonstrates sufficient consideration of the relevant evidence" a "cursory discussion of Listing 1.04 does not require remand." The Court agrees.

In addition to reviewing Kaufman's neck diagnosis and treatment, the ALJ also contemplated instances of decreased range of motion, reflexes, and sensation in the cervical spine. [ECF No. 8-2, Pg.ID 68-69] Guided by *Gower*, the Court finds that the ALJ's Listing 1.04A analysis was sufficient because it considered Kaufman's reflexes and spinal movement. *See Gower*, 2015 WL 163830, at *9.

The Court also rejects Kaufman's argument that his opening and reply briefs provide enough evidence to refute the RFC. The record only includes two references of decreased cervical sensation—in May and July 2018. [ECF No. 8-7, Pg.ID 472, 476] Apart from those two instances, Kaufman showed normal reflexes and sensation throughout most of 2018. [ECF No. 8-7, Pg.ID 391, 397, 427, 437, 447, 462, 482, 488] Despite the two isolated incidents of abnormal movement, the Court finds that the record as a whole does not establish continuous evidence of sensory or reflex deficits for twelve months. *See Harrision v. Comm'r of Soc. Sec.*, No. 18-10374, 2019 WL 4463307, at *8, 9 (E.D. Mich. Aug. 15, 2019) (explaining that in cases with evidence of both abnormal reflexes and other evidence of normal findings, "[t]his mix of observations provides substantial evidence that [the

plaintiff]'s impairments did not meet Listing 1.04(A)"), *rep. & rec. adopted sub nom. Harrison v. Comm'r of Soc. Sec.*, 2019 WL 4450983 (E.D. Mich. Sept. 17, 2019). Kaufman's second objection is overruled.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Magistrate Judge Patricia T. Morris' Report and Recommendation (ECF No. 14, filed September 1, 2020) is **ACCEPTED** and **ADOPTED** as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that Defendant Commissioner of Social Security's Motion for Summary Judgment (ECF No. 12, filed February 19, 2020) is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff Walter Kaufman, Jr.'s Motion for Summary Judgment (ECF No. 10, filed February 7, 2020) is **DENIED**.

IT IS FURTHER ORDERED that this action is **DISMISSED WITH PREJUDICE**.

DATED: December 3, 2020

s/Denise Paige Hood
DENISE PAGE HOOD
United States District Judge